Cite as 2020 Ark. 186

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE: IMPLEMENTATION OF REVISED ADMINISTRATIVE ORDER 4 | Opinion Delivered: May 7, 2020 |

## PER CURIAM

The Board of Certified Court Reporter Examiners submitted proposed changes to Administrative Order 4. The changes would clarify the definition of "verbatim record" and would align the Administrative Order with applicable caselaw. Caselaw requires many of these changes. The Arkansas Supreme Court emphasizes that circuit courts, and state-district courts in some matters, are courts of record. It is paramount that there is a fulsome record of the proceedings. We publish the proposed revised Administrative Order 4 for comments from the bench, bar, court reporters, and public. Comments on the suggested changes should be made in writing on or before August 1, 2020, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Board of Certified Court Reporter Examiners, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201. The revisions to the Order are set out in "line-in, line-out" fashion below (new material is underlined; deleted material is lined through).

ORDER 4. VERBATIM TRIAL RECORD

(a) Verbatim Record. ~~Unless waived on the record by the parties, it shall be the duty of any~~ The circuit court shall ~~to~~ require the official court reporter to make a verbatim record ~~be made~~ of all proceedings, ~~including any communications between the court and one or more members of the jury,~~ pertaining, to any ~~contested~~ matter before the court or the jury, regardless of whether these proceedings occur in-person, in court, or in chambers; telephonically; or through video-conference. The verbatim record shall include a transcription of all spoken words from any source including but not limited to: colloquies between the court and counsel and self-represented litigants; arguments; objections; testimony; jury instructions; communications between the court and members of the jury; discussions concerning juror notes; and audio contained in videos or other recordings that are presented to the court or jury, whether in open court or *in camera.*

(b) Back-Up System. When making a verbatim record, an official court reporter or substitute court reporter shall always utilize a back-up system in addition to his or her primary reporting system in order to insure preservation of the record.

(c) Exhibits. Physical exhibits received or proffered in evidence shall be stored pursuant to the requirements of Section 21 of the Regulations of the Board of Certified Court Reporter Examiners, Official Court Reporter Retention Schedule.

(d) Sanctions. Any person who fails to comply with these requirements shall be subject to the discipline provisions of the Rules and Regulations of the Board of Certified Court Reporter Examiners in addition to the enforcement powers of the court, including contempt.

(e) Electronic Recording.

1. *Applicability.* This subsection (e) shall apply to state district court judges presiding over matters pending in circuit courts pursuant to **Administrative Order Number 18** and to circuit court judges upon request to and approval by the Supreme Court.

2. *Electronic Recording.* An audio recording system may make the verbatim record of court proceedings. A recording system used for the purpose of creating the official record of a court proceeding shall meet the standards adopted and published by the Administrative Office of the Courts ("AOC"). The system shall be approved by the AOC, and it shall be tested, and court personnel shall be trained before the system is implemented. The system shall include a back-up capability to satisfy the requirement of subsection (b) of this Administrative Order.

3. *Record Security.*

(A) The trial court shall maintain the electronic recordings of court proceedings and all digital files, backup files, and archive files consistent with standards adopted and published by the AOC.

(B) Subsection (c) of this Administrative Order regarding the storage of trial exhibits when using an electronic recording system is supplemented by the following: During the period in which the records are required to be retained, the trial court may order items of physical evidence held for storage and safekeeping by the attorneys of record, and such arrangements shall be appropriately documented. Forms of orders and receipts are appended to the Regulations of the Board of Certified Court Reporter Examiners. When physical exhibits include firearms, contraband, or other similar items, the trial court may order such items transferred to the sheriff or other appropriate governmental agency for storage and safekeeping. The sheriff or governmental agency shall sign a receipt for such items and shall acknowledge that the items shall not be disposed of until authorized by subsequent court order. See Regulation 21 of the Regulations of the Board of Certified Court Reporter Examiners for the record retention schedule and other requirements for maintaining records and exhibits.

4. *Official Transcripts.* When a transcript is required and is to be prepared from an audio recording, the official court reporter of the circuit judge to which the case is assigned shall be responsible for preparing the transcript, and the statutory rate and payment provisions shall apply. A transcript prepared from an audio recording of a court proceeding prepared and certified by an official court reporter is an official transcript for purpose of appeal or other use.